IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Marvin J. Moody, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Todd B. Perseghin, )<br>    Defendant. ) | 1:11cv927 (GBL/JFA) |

## MEMORANDUM OPINION

This Matter comes before the Court on defendant Detective Todd B. Perseghin's Motion for Summary Judgment. Marvin J. Moody, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983. By Order dated November 8, 2012, defendant's Motion to Dismiss was denied without prejudice to his ability to file a properly-supported Motion for Summary Judgment within thirty (30) days. Detective Perseghin filed a Motion for Summary Judgment on December 10, 2012 and gave plaintiff the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff has filed an opposition to Detective Perseghin's Motion for Summary Judgment and a Cross Motion for Summary Judgment. For the reasons below, Detective Perseghin's Motion for Summary Judgment will be granted, and plaintiff's Cross Motion for Summary Judgment will be denied.

### I. Background

**A. Procedural**

Plaintiff initially filed this action against Detective Todd B. Perseghin, Assistant Commonwealth Attorney Caitlin R. Kelley, and Clarence N. Jenkins and alleged claims of malicious prosecution/false arrest, conspiracy, and harassment. His Amended Complaint named Detective Perseghin, Ms. Kelley, and two unidentified police officers as defendants. By Order

dated December 21, 2011, Ms. Kelley and the unidentified officers, as well as plaintiff's claims of conspiracy and harassment, were dismissed pursuant to 18 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Accordingly, this matter proceeded against Detective Perseghin on the malicious prosecution/false arrest claim only.

**B. Factual**

The following facts are undisputed:

On April 8, 2010, Richmond police officers apprehended plaintiff, whom they believed to be committing a burglary, outside a residence. Cross Mot. Summ. J. 3, ECF No. 54; Mem. Supp. Mot. Summ. J. 2, ECF No. 51. Plaintiff was taken to the Richmond Police Department's 4th Precinct, where Detective Perseghin Mirandized and interviewed plaintiff. Mem. Supp. Mot. Summ. J. 3. A search of plaintiff revealed a key to an apartment, and Detective Perseghin's investigation led him to obtain a search warrant for the apartment. Id. Detective Perseghin's search of the apartment revealed stolen property linked to the home that plaintiff was accused of burglarizing. Id. Plaintiff was indicted and charged by a grand jury for three counts of statutory burglary and two counts of grand larceny, but the charges ultimately were dismissed. Id.

## II. <u>Standard of Review</u>

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of

law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

In this circuit, a § 1983 claim for malicious prosecution and/or false arrest is properly understood "as a Fourth Amendment claim for unreasonable seizure which incorporates some of the elements of the common law tort."[1] Id.; see also, Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the

---

[1] The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures [.]" U.S. Const. amend. IV. The "touchstone" of the Fourth Amendment is reasonableness. United States v. Knights, 534 U.S. 112, 118 (2001). Thus, the Fourth Amendment does not bar all searches and seizures, but only those that are "unreasonable." United States v. Reid, 929 F.2d 990, 992 (4th Cir. 1991).

officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001) (§ 1983 claims of false arrest and false imprisonment " are essentially claims alleging a seizure of the person in violation of the Fourth Amendment."). To state a claim of malicious prosecution, a plaintiff must allege: (1) the initiation or maintenance of a proceeding by the defendant against the plaintiff; (2) termination of that proceeding favorable to the plaintiff; and (3) lack of probable cause to support that proceeding. Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996); Curtis v. Devlin, 2005 WL 940571 at *6, n. 11 (E.D. Va. Apr. 19, 2005). Similarly, to prevail on a claim of false arrest, a plaintiff must show that the defendant lacked probable cause. Brown, 278 F.3d at 367; see also, Gatter v. Zappile, 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999).

Detective Perseghin's Motion for Summary Judgment Summary will be granted because he did not falsely arrest or maliciously prosecute plaintiff. First, contrary to plaintiff's allegations, Detective Perseghin states in a sworn affidavit attached to the Motion for Summary Judgment that he did not participate in plaintiff's actual arrest. Perseghin Aff. ¶ 7, ECF No. 51-2. He states, "I was not at the scene [of the arrest] nor did I made the arrest." Id. Plaintiff appears to believe that he was not arrested until after Detective Perseghin questioned him at the 4th Precinct Station, but plaintiff is mistaken. His allegations that Detective Perseghin "place[d] me under arrest after being held 6 hours" and that "the record shows I was detained at 1pm and warrants weren't filed or served until . . . 7:30pm[,]" Cross Mot. Summ. J. 3, are unsupported. Therefore, because Detective Perseghin did not arrest plaintiff, he cannot be liable for falsely arresting plaintiff.

As to plaintiff's claim that Detective Perseghin maliciously prosecuted plaintiff, Summary Judgment must be granted to Detective Perseghin. The first two prongs of the analysis are not in dispute, and the record reflects that Detective Perseghin had probable cause to pursue

4

charges against plaintiff. Detective Perseghin states in his sworn affidavit that multiple factors led him to request a search warrant for plaintiff's apartment from Magistrate William Barnard and to pursue burglary charges against plaintiff: (1) plaintiff was apprehended at a residence where a burglary was in progress and where burglaries had occurred; (2) plaintiff fled from responding officers on foot; (3) plaintiff lied about where he had been living; and (4) plaintiff lied about who lived at an apartment, the keys for which officers found on his person during a search incident to his arrest. Perseghin Aff. ¶¶ 5, 11, 12. The Magistrate found probable cause and issued a search warrant for the entire apartment, where Detective Perseghin found items linking plaintiff to burglaries for which he was then charged. Id. ¶¶ at 14, 15.

Plaintiff's Cross Motion for Summary Judgment makes several allegations, including that Detective Perseghin "created crimes that didn't exist with deceased alleged victims." Opp. 4; however, plaintiff's affidavit does not alter this conclusion. First, it is unsworn and does not subject plaintiff to the penalty of perjury for any misstatements. Fed. R. Civ. P. 56(e); see United States v. White, 366 F.3d 291, 300 (4th Cir. 2004) (unsworn argument does not constitute evidence to be considered in opposition to summary judgment motion); Price v. Rochford, 947 F.2d 829, 832 (7th Cir. 1991) (verification based on personal knowledge or information and belief is insufficient to oppose a motion for summary judgment because it avoids the possibility of perjury).

Second, even had plaintiff's statement been filed under penalty of perjury, it still would not have been sufficient to defeat defendant's summary judgment motion. As a general rule, the non-moving party may not defeat a properly-supported summary judgment motion by simply substituting the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). Even where the non-moving party in such a situation is a pro se prisoner entitled to liberal construction of his

5

pleadings, a "declaration under oath ... is not enough to defeat a motion for summary judgment. He has to provide a basis for his statement. To hold otherwise would render motions for summary judgment a nullity." Campbell-El v. Dist. of Columbia, 874 F.Supp. 403, 406–07 (D.C. 1994).

Lastly, plaintiff appears to believe that Detective Perseghin falsely detained him; however, as previously discussed, plaintiff was in custody when Detective Perseghin interviewed him, and any allegations of false imprisonment are irrelevant to this action. Because Detective Perseghin had probable cause to pursue charges against plaintiff, Detective Perseghin's Motion for Summary Judgment will be granted.

## IV. Conclusion

For the above stated reasons, Detective Perseghin's Motion for Summary Judgment will be granted, and plaintiff's Cross Motion for Summary Judgment will be denied. An appropriate Order shall issue.

Entered this 24th day of June 2013.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge